UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF KENTUCKY
OWENSBORO DIVISION

**CLIFFORD GREGORY NUTTER**                                                          **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 4:23-CV-P22-JHM**

**LT. JAMES WYATT**                                                                   **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Clifford Gregory Nutter, a pretrial detainee proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, who is housed at the Daviess County Detention Center (DCDC), names as Defendant in his individual and official capacities DCDC Lt. James Wyatt. Plaintiff states that on January 8, 2023, he was on the top bunk in a disciplinary cell lying naked under two blankets while using his jumpsuit as a pillow. He states that Defendant came into the cell and, although Defendant's job did not include cell inspections, told the inmate on the bottom bunk to "take that sheet down." According to Plaintiff, Defendant then proceeded to grab Plaintiff's blankets, prompting Plaintiff to tell him not to because he was naked; however, Defendant only pulled harder, uncovering Plaintiff. Plaintiff alleges that Defendant looked at his genitalia with a "very odd lustful look on his face," after which Plaintiff hurriedly put on his jumpsuit. According to the complaint, Defendant threw the blankets and books from the cell and wrote him up for

having the blankets. Plaintiff alleges that Defendant's act of "sexual harassment 'voyeurism'" violated his Fourth, Eighth, and Fourteenth Amendment rights.[1]

Plaintiff also alleges that on another occasion, while he was in a medical cell, Defendant threw papers on the floor and demanded that Plaintiff get out of bed and pick them up; when he refused, Defendant took the TV out of the cell.

Plaintiff further alleges that he has filed grievances about these incidents. However, he states that Defendant is the officer who responds to grievances, "and when a person files a grievance about [Defendant's] conduct he justifies his own misconduct."

As relief, Plaintiff asks for compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff explains that he had been raped in jail at the age of 17 and that Defendant's actions caused him to relive the rape which he had suppressed. Plaintiff states that since this incident with Defendant he has sought and received mental health help from "New Beginnings" and DCDC.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually against Daviess County, Defendant's employer.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that Defendant violated the constitution pursuant to a policy or custom of Daviess County. Accordingly, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claims

#### *1. Fourth Amendment*

Plaintiff alleges that Defendant pulled the blankets off of him despite his protestations that he was naked; took the blankets and books from the cell; and then wrote Plaintiff up for having the blankets even though his job does not include cell inspections. Plaintiff also alleges that on another occasion, while he was in a medical cell, Defendant took the TV out of the cell when Plaintiff refused to pick up papers on the floor.

The Fourth Amendment to the U.S. Constitution, as applied to the States through the Fourteenth Amendment, prohibits "unreasonable searches and seizures." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting U.S. Const. amend. IV). "The Fourth Amendment, however, applies only when 'the person invoking its protection can claim a justifiable, a reasonable or a legitimate expectation of privacy that has been invaded by government action.'" *Jones v. Caruso*, No. 2:11-CV-65, 2011 WL 3740578, at *8 (W.D. Mich. Aug. 24, 2011) (quoting *Hudson v. Palmer*, 468 U.S. 517, 525 (1984)). The Supreme Court has held that the search of a prisoner's cell does not violate the Fourth Amendment because "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell." *Hudson*, 468 U.S. at 526. According to the *Hudson* Court, "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Id*. at 527-28. This principle holds true whether the inmate is a convict or a pre-

trial detainee. *See Florence v. Bd. Of Chosen Freeholders*, 566 U.S. 318 (2012) (detainee case). Additionally, "[t]he rule applies to searches and seizures in equal measure." *House v. Henderson Cnty. Det. Ctr.*, No. 4:21-CV-00038-JHM, 2022 WL 4279724, at *4 (W.D. Ky. Sept. 15, 2022). Consequently, Plaintiff does not state a Fourth Amendment claim related to Defendant's search of Plaintiff's cell or seizure of items therein.

The Sixth Circuit has recognized that inmates retain limited rights to bodily privacy under the Fourth Amendment. *See Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). However, the exposure that Plaintiff describes in the complaint -- a brief exposure to one male guard -- is not in the magnitude of those cases where a Fourth Amendment bodily privacy claim was found. *See, e.g.*, *id*. (Fourth Amendment privacy claim involving strip searches conducted outdoors, in front of other inmates and at least seven officers); *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993) (alleging that female officers frequently and abusively took lengthy opportunities to view naked male prisoners through the cracks in their doors); *Kent v. Johnson*, 821 F.2d 1220, 1226-27 (6th Cir. 1987) (recognizing that there may be some "vestige of the right to privacy retained by prisoners . . . from being forced unnecessarily to expose their bodies to guards of the opposite sex," but holding that incidental observation by female guards did not state a claim); *Smith v. Long*, No. 3:18-CV-00061, 2018 WL 3831394, at *5 (M.D. Tenn. Aug. 13, 2018) ("Notably, the plaintiff does not allege that he, a male inmate, must expose his naked body to female guards while showering or performing bodily functions; had the plaintiff so alleged, he may have stated a colorable claim."). The Court will dismiss Plaintiff's Fourth Amendment claims for failure to state a claim upon which relief may be granted.

### *2. Eighth Amendment*

The Eighth Amendment applies to a convicted inmate, not a pretrial detainee like Plaintiff. *See Hale v. Boyle Cnty.,* 18 F.4th 845, 852 (6th Cir. 2021). Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claim.

### *3. Fourteenth Amendment*

#### *1. Sexual harassment*

Plaintiff alleges that Defendant engaged in sexually harassing voyeurism, and he alleges that Defendant's act of uncovering him caused him to remember a prison rape he endured when he was 17, necessitating mental health treatment.

The Eighth Amendment's protection against cruel and unusual punishment extends to pretrial detainees through the Fourteenth Amendment's Due Process Clause, *see Whitley v. Albers*, 475 U.S. 312, 327 (1986), including, in certain cases, sexually harassing behavior. However, not all sexually inappropriate behaviors by prison guards rise to the level of a constitutional violation, and that is true of Plaintiff's allegation concerning Defendant having looked at his genitalia with a "very odd lustful look on his face." *See, e.g.*, *Calvert v. Weatherford*, No. 3:13-CV-00274, 2013 WL 1937690, at *1-2 (M.D. Tenn. May 9, 2013) (allegations that guard stared in a sexually suggestive manner, made "sexual grunting sounds," looked at the plaintiff's" crotch, bit his lip "sexually" while sweating "profusely" and "breathing hard" did not rise to the level of a constitutional violation); *Grisham v. Cnty. of Los Angeles*, No. CV 16-8079-PA (PLA), 2019 WL 2360897, at *11 (C.D. Cal. Apr. 26, 2019) ("[m]ere laughing, lustful looks, or verbal sexual harassment" does not state a constitutional claim), *report and recommendation adopted*, No. CV 16-8079-PA (PLA), 2019 WL 2358914 (C.D. Cal. June 3, 2019).

And, taking Plaintiff's allegations as true, the fact that Defendant's actions triggered a mental health crisis by causing Plaintiff to remember a prison rape as a teenager, as unfortunate as that is, does not transform Defendant's action into constitutional violation. Plaintiff does not allege that Defendant knew of Plaintiff's prior rape or intended to cause a mental health crisis. The Court will dismiss Plaintiff's Fourteenth Amendment sexual-harassment claim for failure to state a claim upon which relief may be granted.

### 2. Removing blankets, books, and TV

To the extent that Plaintiff may be claiming he was unconstitutionally deprived of his property, he fails to state a claim upon which relief may be granted. Claims for deprivation of property, even intentional ones, are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

### 3. Grievances

To the extent that Plaintiff is alleging a separate constitutional claim based on Defendant's handling of his grievances, prisoners do not possess a constitutional right to a prison grievance procedure. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress

his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: July 2, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

8